[No. 490.  Decided July 7, 1892.]

DONALD MCKINNON AND JOSEPH KERR, *Respondents*, v. THE KINGSTON LAND AND IMPROVEMENT COMPANY, C. C. CALKINS AND NELLIE CALKINS, *Appellants*.

APPEAL —EQUITY CASES—FINDINGS OF TRIAL COURT.

On appeal in causes of equitable cognizance it is not sufficient that the record contain a full finding of facts by the trial court, but, under Code Proc., § 1423, it is necessary that the testimony be incorporated in a properly settled and certified statement of facts.

*Appeal from Superior Court, King County.*

Motion to dismiss appeal for want of a statement of facts.

*Arthur, Lindsay & King,* for appellants.

*Strudwick, Peters & Van Wyck,* for respondents.

The opinion of the court was delivered by

ANDERS, C. J.—The respondents move the court to dismiss this appeal for the reason that no statement of facts has ever been settled or filed in the cause.

Appellants concede that there is no statement of facts in the record, but insist that none is necessary, as there appears in the record a full finding of facts by the trial court. The contention of appellants is untenable. It is true that in actions at law, which are tried by the court without a jury, the findings of fact by the court may be a necessary part of the record, but the rule is different in causes of equitable cognizance. In the latter class of cases the action is tried *de novo* in this court, and this cannot be done in the absence of the testimony taken in the cause below, and the testimony can only become a part of the record by being incorporated in a properly settled and certified statement of facts. Code Proc., § 1423. We can perceive no reason why a finding of fact by a trial judge in an equitable action should not have the same force and effect that it has in a cause strictly legal, but the legislature has taken a different view of the matter, and the courts, as well as litigants, must yield unhesitatingly to the legislative will.

For the reasons above indicated the appeal must be dismissed.

SCOTT, HOYT, STILES and DUNBAR, JJ., concur.